The opinion of the Court was delivered by
Todd, J.
This is suit to annul certain tax sales and recover the land, the subject thereof.
The grounds of nullity charged are: illegal assessment, notice, seizure, advertisement, and, in short, irregularities in all the formalities and requirements preceding and attending such sales.
The property in question had been owned for many years before the sales, by the plaintiffs, who had acquired it hy inheritance from their ancestress, the wife of John Davenport, and she had derived her title to it from her parents, Philip and Magdalene Euglchart, the first of whom died in 1817, and the latter in 1828. The property was never assessed in the names of the plaintiffs, who for many years had been the true and undisputed owners of it. It was assessed to the heirs of Euglchart, and described as 500 acres on Ward’s Creels, with rather a vague reference to adjacent tracts. The sale was made of two parcels of the land to N. Bertrand and N. K. Knox, respectively, on the 7th of December, 1874, and of the residue to E. W. Willis and T. E. Blonin, on the 25th of May, 1875.
It is not necessary to discuss all the questions raised touching the several irregularities urged against the sales in question. It is sufficient to say, that under our repeated adjudications, the assessment of the land, as described above, was radically defective, and was not, and could not, bo made valid by the alleged acts of ratification. The case is not within the principle of Dane vs. March, 33 A. 554; Carter vs. City, 33 A. 816; 32 A. 912, 924 5 Stafford vs. Twitchell, 33 A. 520, and authorities .there noted.
The assessment, as has been often said, is, as it were, the judgment under which the sale is made, and it is a self-evident proposition that a sale of the plaintiffs’ land, tinder a judgment against the heirs of Englehart, would he absolutely null. 10 A. 771; 28 A. 17; 33 A. 520.
*409 In addition to this, the sale to Willis & Blouin, on the 25th of May, 1875, was made in contravention of a prohibitory law suspending sales for taxes for a given time. 30 A. 871l; 32 A. 228, and case of Wederstrandt vs. Freylian, not yet reported.
The exception of want of tender cannot prevail in a case of this hind. Stafford vs. Twitchell, 33 A. 520, and case last above cited.
And in the case of Lague vs. Boagni, 32 A. 914, we held, that in the face of a radical defect in the assessment, as in this case, “ prescription cannot be accepted as intended to perfect titles in cases in which the gravest irregularities and absolute nullities have been propounded.” See also Wederstrandt vs. Freylian, above cited.
In the Stafford case referred to, and others where the sale was annulled for irregularities, identical or similar to those found in the instant case, we recognized the right of the purchaser at tax sales to claim reimbursement for the taxes paid on the property and improvements made thereon. 19 A. 25; 26 A. 587; 33 A. 175; 33 A. 521; Wederstrandt vs. Freyhan, 34 A., not yet reported.
The testimony in the record does not, however, inform us with accuracy as to the amount of taxes (not including costs and penalties) due on the lots of land acquired by the defendants, respectively, at time of sale, and paid by them subsequently to tlieir purchase, or the proportion of the taxes due on the entire tract, paid by each purchaser, and the taxes paid by each separately after their purchase. The costs and penalties cannot be reimbursed. Hopkins vs. Daunoy, 33 A. 423.
Nor are we enabled to make a satisfactory estimate of the value of the improvements made by the several purchasers, from the evidence in the record. This compels us to remand the case for further evidence on these points.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from bo annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that the tax sales of the land described in the petitions made respectively on the 7th of December, 1874, and 25th of May, 1875, be, and the same are hereby declared null and void, and it is further ordered, that the case be remanded to the lower court for the purpose of ascertaining the amount of taxes (not including costs and penalties) paid by each of the defendants, rcsx>ect.ively, on the lots or parcels by them xvurchased, due at the time of sale and subsequently, and the value of the improvements by them respectively made, the right to recover which said taxes and imx>rovements is reserved to the defendants; defendants to x>ay costs of both Courts.